IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK VAN'S AUTO TAG, LLC,** Individually and on behalf of all others similarly situated, | **CASE NO._____** |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| **SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST,** | |
| Defendant. | |

Plaintiff Frank Van's Auto Tag, LLC ("Plaintiff"), individually and on behalf of all other members of the below-defined nationwide Plaintiff classes, brings this class action against Selective Insurance Company of the Southeast ("Selective" or "Defendant").  Plaintiff alleges the following based on personal knowledge as to Plaintiff and Plaintiff's own acts, and on information and belief as to all other matters based upon the investigation of Plaintiff's counsel and their review of publicly available information, including news articles, press releases, and other publicly available information.

## NATURE OF THE ACTION

1.     Plaintiff owns and operates Frank Van's Auto Tags, with locations at 2450 Cottman Avenue, Philadelphia, PA 19149 and at 119 W. Lincoln Highway, Penndel, PA 19047. Plaintiff's future is now threatened by the government-ordered shutdowns which prevents patrons' and employees' access to the property and prohibits the use of the properties for their intended purposes.

2.     To protect the business in the event that it suddenly had to suspend operations for reasons outside of Plaintiff's control, Plaintiff purchased a policy of insurance from Selective.

The policy contained coverage extensions for Business Income, Extended Business Income, and Extra Expense, providing for payment of the actual loss of business income and extra expenses incurred by Plaintiff during a period of restoration. The policy further contained a Civil Authority provision, for payment of business income and extra expenses due to an action of a civil authority prohibiting access to the property.

3.      Plaintiff was forced to suspend business at its two locations due to orders issued by civil authorities in Pennsylvania mandating the suspension of business for on-site services to prevent potential exposure to COVID-19. Plaintiff was also required to take necessary steps to prevent further damage and to minimize the suspension of business and continued operations. Plaintiff's insured premises did not experience any known presence of, suspected presence of, or exposure to the COVID-19 virus.

4.      Following timely notice of its claim, Plaintiff was denied business income and extra expense coverage by Selective. Upon information and belief, Selective has, on a wide-scale and uniform basis, refused to pay its insureds for losses suffered due to any executive orders by civil authorities that have required the necessary suspension of business, and any efforts to prevent further property damage or to minimize the suspension of business and continued operations in response to COVID-19.

## THE PARTIES

5.      Plaintiff Frank Van's Auto Tag, LLC is a Pennsylvania limited liability company, and is a citizen of Pennsylvania. Plaintiff is the owner and operator of an automobile tag and title service business d/b/a Frank Van's Auto Tags with principal places of business at 2450 Cottman Avenue, Philadelphia, PA and at 119 W. Lincoln Highway, Penndel PA.

6.      Defendant Selective Insurance Company of the Southeast is a property and casualty company. Selective is a citizen of Indiana, being organized under the laws of the State of Indiana with its headquarters and principal place of business located at 900 E. 96th Street, Suite 400, Indianapolis, IN 46240.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, there are more than 100 class members, and at least one class member is a citizen of a state different from Defendant.  The Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

8.      This Court has personal jurisdiction over Defendant, as Defendant is registered to conduct business in this Commonwealth, regularly conducts business in Pennsylvania, and has sufficient contacts in Pennsylvania.  Defendant intentionally availed itself of this jurisdiction by conducting operations here and promoting, selling, and marketing Defendant's policies of insurance to resident Pennsylvania consumers and entities.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District and the Plaintiff's insured property that is the subject of the action is situated in this District.

## FACTUAL ALLEGATIONS

A.      **The Selective Policy**

10.      In return for the payment of a premium, Selective issued Policy No. S 220980304 to Frank Van's Auto Tag, LLC, for a policy period of from at least April 29, 2016 to April 29, 2021.  Policy No. S 220980304 is attached hereto as Exhibit A.  Plaintiff has performed all of its

obligations under Policy No. S220980304, including the payment of the premium.  The policy's Schedule of Locations includes 2450 Cottman Avenue, Philadelphia, PA and 119 W. Lincoln Highway, Penndel, PA.

11.     In many parts of the world, property insurance is sold on a "named peril" basis. Such policies cover a risk of loss if that risk of loss is specifically listed.  Most property policies sold in the United States, however, including the policies sold by Selective, are all-risk policies. These types of policies cover all risks of loss except for risks that are expressly and specifically excluded.

12.     Pursuant to the policy's "Business Owners Coverage Form," Form BP 00 03 07 13, the policy covers "direct physical loss of or damage" to Covered Property at the 'premises' causes by or resulting from any Covered Cause of Loss."

13.     The policy provides business income coverage within the "Business Owners Coverage Form Coverage Form," Form BP 00 03 07 13. The provision triggering Business Income coverage states : that "[w]e will pay for the actual loss of 'Business Income' …you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration'", and that the "loss" must be "caused by or result[ing] from" a Covered Cause of Loss.

14.     The policy also provides coverage for business income coverage caused by an act of civil authority.  Pursuant to the policy's Form BP 00 03 07 13, "[w]hen a Covered Cause of Loss causes damage to property other than property at the described 'premises', we will pay for the actual loss of 'Business Income' and necessary Extra Expense caused by action of civil authority that prohibits access to the described 'premises...'"

15.     The policy's Business Income, Extended Business Income, Civil Authority and Extra Expense provisions contain no exclusion for losses caused by governmental orders issued to prevent exposure to a virus.

**B.     The Covered Cause of Loss**

16.     Efforts to prevent exposure to COVID-19 have caused civil authorities throughout the country to issue orders requiring the suspension of non-essential businesses and preventing citizens from leaving home for non-essential purposes (the "Closure Orders").

17.     Plaintiff's business is not considered "essential," and has therefore been subject to a variety of Closure Orders by state and local authorities, preventing Plaintiff from operating its businesses, limiting its operations, and/or from use of the premises for its intended purpose.

18.     These Closure Orders include, but are not limited to, Pennsylvania Governor Wolf's order dated March 19, 2020 requiring all non-life sustaining businesses in the Commonwealth to cease operations and close all physical locations.[1]   The Pennsylvania Supreme Court recently clarified that the Governor's order has resulted in the temporary loss of use of non-essential business premises effected by the order, and that the order was issued to protect the lives and health of millions of Pennsylvania citizens.  *See Friends of DeVito v. Wolf,* No. 68 MM 2020, 2020 WL 1847100 at *17 (Pa. Apr. 13, 2020).

19.     There was no presence of the COVID-19 virus at Plaintff's covered properties. Plaintiff experienced a "Covered Cause of Loss" by virtue of the Closure Orders, which denied use of the premises by causing a necessary suspension of operations during a period of

---

[1]      *Available at* https://www.scribd.com/document/452416027/20200319-TWW-COVID-19-Business-Closure-Order.

restoration. The Closure Orders operate as a blockade that prevents employees and patrons from entering and operating the business for its intended purpose.

20.     The Covered Cause of Loss triggered coverage pursuant to the Business Income, Extended Business Income, Extra Expense, and Civil Authority provisions of the policy.

      a.   Pursuant to the Business Income coverage provisions within the "Building Owners Coverage Form," Form BP 00 03 07 13, Selective promised that it will "pay for the actual loss of Business Income you sustain due to the necessary suspension of your 'operations' during the "period of your restoration .'"

      b.   Pursuant to the form's Extended Business Income provision, Selective promised that "If the necessary suspension of your operations produces a Business Income loss payable under this policy, we will pay for the actual loss of Business Income you incur… "

      c.   Pursuant to the Firm's Extra Expense provisions, Selective promised that "[w]e will pay Extra Expense you sustain during the 'period of restoration.'"

      d.   This Covered Cause of Loss also caused a direct physical loss or damage to property *other* than at Plaintiff's premises, and prohibited access to the Plaintiff's premises – thereby triggering coverage under the policy's Civil Authority provision. Pursuant to the Civil Authority coverage extension in BP 00 03 07 13, Selective promised that "[w]hen a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of 'Business Income' you sustain and necessary Extra

Expense caused by action of civil authority that prohibits access to the

described premises…"

21.     The Virus or Bacteria exclusion does not apply to Plaintiff's claims. Plaintiff's

covered cause of loss is not the virus, but rather the effect of the Closure Orders as the presence

or absence of the COVID-19 virus would have no effect upon the closure or the loss of business

inasmuch as the stay at home orders apply to all non-essential businesses regardless of their

exposure to the virus.

22.     No other exclusions listed in the Policy are applicable.

23.     On or about April 17, 2020, Selective denied Plaintiff's claim. A copy of the

denial letter is attached as Exhibit B.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil

Procedure, individual and on behalf of all others similarly situated.

25.     Plaintiff seeks to represent nationwide classes defined as:

a.  All persons and entities that: (a) had Business Income, Extended
    Business Income and Extra Expense coverage under a property
    insurance policy issued by Selective; (b) suffered a suspension of
    business related to the Closure Orders, at the premises covered by
    Selective's property insurance policy; (c) made a claim under their
    property insurance policy issued by Selective; and (d) were denied
    Business Income coverage by Selective for the suspension of
    business resulting from the Closure Orders (the "Business Income
    Breach Class").

b.  All persons and entities that: (a) had Civil Authority coverage
    under a property insurance policy issued by Selective; (b) suffered
    loss caused by action of a civil authority; (c) made a claim under
    their property insurance policy issued by Selective; and (d) were
    denied Civil Authority coverage by Selective for the loss caused by
    a Closure Order (the "Civil Authority Breach Class").

    c.  All persons and entities with Business Income, Extended Business Income and  Extra Expense coverage under a property insurance policy issued by Selective that suffered a suspension of business due to a Closure Order at the premises covered by the Business Income coverage (the "Business Income Declaratory Judgment Class").

    d.  All persons and entities with Civil Authority coverage under a property insurance policy issued by Selective that suffered loss of Business Income and/or Extra Expense caused by a Closure Order (the "Civil Authority Declaratory Judgement Class").

26.    Excluded from each defined class is Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and any governmental entities.  Plaintiff reserves the right to modify or amend each of the class definitions, as appropriate, during the course of this litigation.

27.    This action has been brought and may properly be maintained on behalf of each class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

28.    **Numerosity – Federal Rule of Civil Procedure 23(a) (1).**  The members of each defined Class are so numerous that individual joinder of all class members is impracticable. While Plaintiff is informed and believes that there are thousands of members of each class, the precise number of Class members is unknown to Plaintiff but may be ascertained from Defendant's books and records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, internet postings, and/or published notice.

29.    **Community and Predominance – Federal Rule of Civil Procedure 23(a) (2) and 23(b)(3).**  This action involves common questions of law and fact, which predominate over any questions affecting only individual class members, including, without limitation:

    a.  Whether the classes suffered a covered loss based on the common policies issued to members of the classes;

b.   Whether Selective wrongfully denied all claims based on the wrongful application of one or more policy exclusions;

c.   Whether Selective's Business Income coverage applies to a suspension of business caused by a Closure Order;

d.   Whether Selective's Extended Business Income coverage applies to a suspension of business caused by a Closure Order;

e.   Whether Selective's Extra Expense coverage applies to a suspension of business caused by a Closure Order;

f.   Whether Selective's Civil Authority coverage applies to a loss of Business Income caused by a Closure Order;

g.   Whether Selective has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to the Closure Orders; and

h.   Whether Plaintiff and the classes are entitled to an award of reasonable attorneys' fees, expenses, interest and costs.

30.   **Typicality – Federal Rule of Civil Procedure 23(a) (3).**  Plaintiff's claims are typical of the other class members' claims because Plaintiff and the other class members are all similarly affected by Defendant's refusal to pay under its Business Income, Extended Business Income, Extra Expense, or Civil Authority coverages.  Plaintiff's claims are based upon the same legal theories as those of the other class members.  Plaintiff and the other class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendant engaged.

31.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).**
Plaintiff is an adequate class representative because its interests do not conflict with the interests
of the other class members who it seeks to represent, Plaintiff has retained counsel competent
and experienced in complex class action litigation, and Plaintiff intends to prosecute this action
vigorously.  The interests of the above-defined classes will be fairly and adequately protected by
Plaintiff and its counsel.

32.     **Inconsistent or Varying Adjudications and the Risk of Impediments to Other
Class Members' Interests – Federal Rule of Civil Procedure 23(b) (1).**  Plaintiff seeks class-
wide adjudication as to the interpretation, and resultant scope, of Defendant's Business Income,
Extended Business Income, Extra Expense, and Civil Authority Coverages.  The prosecution of
separate actions by individual members of the classes would create an immediate risk of
inconsistent or varying adjudications that would establish incompatible standards of conduct for
the Defendant.

33.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)
(2).**  Defendant acted or refused to act on grounds generally applicable to Plaintiff and the other
class members, thereby making appropriate final injunctive relief and declaratory relief, as
described below, with respect to the class members.

34.     **Superiority – Federal Rule of Civil Procedure 23(b) (3).**  A class action is
superior to any other available means for the fair and efficient adjudication of this controversy,
and no unusual difficulties are likely to be encountered in the management of this class action.
Individualized litigation creates a potential for inconsistent or contradictory judgments and
increases the delay and expense to all parties and the court system.  By contrast, the class action

device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## CLAIMS FOR RELIEF

### COUNT I
### BREACH OF CONTRACT-BUSINESS INCOME COVERAGE
**(Claim Brought on Behalf of the Business Income Breach Class)**

35.     Plaintiff realleges the above paragraphs as if fully set forth herein.

36.     Plaintiff brings this Count individually and on behalf of the other members of the Business Income Breach Class.

37.     Plaintiff's policies, as well as those of the other Business Income Breach Class members, are contracts under which Selective was paid premiums in exchange for its promise to pay Plaintiff and the other Business Income Breach Class members' losses for claims covered by the policy.

38.     In its policy, Selective provided Business Income, Extended Business Income, Extra Expense, and Civil Authority coverage extensions.

39.     Selective agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary suspension of its operations during the "period of restoration" pursuant to the coverage provisions in "Business Owners Coverage Form" BP 00 03 07 13.

40.     Pursuant to the Business Income coverage provisions within the "Business Owners Coverage Form," Form BP 00 03 07 13, Selective promised that "If the necessary suspension of your "operations' produces a Business Income loss payable under this policy, we will pay for the actual loss of Business Income you incur...'"

41.     Pursuant to the form's Extra Expense provision, Selective promised that "[w]e will pay Extra Expense you sustain during the 'period of restoration.'"

11

42.     The Closure Orders caused direct physical loss and damage to Plaintiff and the other Business Income Breach Class members' Scheduled Premises, requiring the suspension of operations at the Scheduled Premises.  Losses caused by the Closure Orders thus triggered the Business Income, Extended Business Income, and Extra Expense provisions of Plaintiff's and the other Breach Class members' policies.

43.     The Closure Orders also caused direct physical loss and damage to property *other* than Plaintiff and the other Business Income Breach Class members' premises, resulting in a prohibition of access to the premises.  Losses caused by the Closure Orders thus triggered the civil authority provision of Plaintiff's and the other Business Income Breach Class members' policies.

44.     Plaintiff and the other Business Income Breach Class members have complied with all applicable provisions of their policies and/or those provisions have been waived by Selective, or Selective is estopped from asserting them, and yet Selective has abrogated its insurance coverage obligations.

45.     By denying coverage for any Business Income losses incurred by Plaintiff and the other Business Income Breach Class members, Selective has breached its coverage obligations under the policies.

46.     As a result of Selective's breaches of the policies, Plaintiff and the other Business Income Breach Class members have sustained substantial damages for which Selective is liable, in an amount to be established at trial.

<u>**COUNT II**</u>
<u>**BREACH OF CONTRACT-CIVIL AUTHORITY COVERAGE**</u>
**(Claim Brought on Behalf of the Civil Authority Breach Class)**

47.     Plaintiff realleges the above paragraphs as if fully set forth herein.

48.     Plaintiff brings this Count individually and on behalf of the other members of the Civil Authority Breach Class.

49.     Plaintiff's policies, as well as those of the other Civil Authority Breach Class members, are contracts under which Selective was paid premiums in exchange for its promise to pay Plaintiff and the other Civil Authority Breach Class members' losses for claims covered by the policy.

50.     In its policy, Selective provided Business Income, Extended Business Income, Extra Expense, and Civil Authority coverage extensions.

51.     Selective agreed to pay for its insureds' actual loss of Business Income and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises pursuant to the coverage provisions in "Business Owners Coverage Form" BP 00 03 07 13.

52.     Pursuant to the Business Income coverage provisions within the "Business Owners Coverage Form," Form BP 00 03 07 13, Selective promised that "When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises...'"

53.     Pursuant to the form's Extra Expense provision, Selective promised that "[w]e will pay Extra Expense you sustain during the 'period of restoration.'"

54.     The Closure Orders caused direct physical loss and damage to Plaintiff and the other Civil Authority Breach Class members' Scheduled Premises, requiring the suspension of operations at the Scheduled Premises.  Losses caused by the Closure Orders thus triggered the

Business Income, Extended Business Income, Extra Expense and Civil Authority provisions of Plaintiff's and the other Civil Authority Breach Class members' policies.

55.     The Closure Orders also caused direct physical loss and damage to property *other* than Plaintiff and the other Civil Authority Breach Class members' premises, resulting in a prohibition of access to the premises.  Losses caused by the Closure Orders thus triggered the civil authority provision of Plaintiff's and the other Civil Authority Breach Class members' policies.

56.     Plaintiff and the other Civil Authority Breach Class members have complied with all applicable provisions of their policies and/or those provisions have been waived by Selective, or Selective is estopped from asserting them, and yet Selective has abrogated its insurance coverage obligations.

57.     By denying coverage for any Business Income losses incurred by Plaintiff and the other Civil Authority Breach Class members, Selective has breached its coverage obligations under the policies.

58.     As a result of Selective's breaches of the policies, Plaintiff and the other Civil Authority Breach Class members have sustained substantial damages for which Selective is liable, in an amount to be established at trial.

<u>**COUNT III**</u>
<u>**DECLARATORY JUDGMENT**</u>
**(Claim Brought on Behalf of the Business Income Declaratory Judgment Class)**

59.     Plaintiff realleges the above paragraphs as if fully set forth herein.

60.     Plaintiff brings this Count individually and on behalf of the other members of the Business Income Declaratory Judgment Class.

61.    Plaintiff's policies, as well as those of the other Business Income Declaratory Judgment Class members, are contracts under which Selective was paid premiums in exchange for its promise to pay Plaintiff and the other Business Income Declaratory Judgment Class members' losses for claims covered by the policy.

62.    Plaintiff and the other Business Income Declaratory Judgment Class members have complied with all applicable provisions of their policies and/or those provisions have been waived by Selective, or Selective is estopped from asserting them, and yet Selective has abrogated its insurance coverage obligations.

63.    Selective has denied claims related to Coverage Orders on a uniform and class-wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim for coverage.

64.    An actual case or controversy exists regarding Plaintiff's and the other Business Income Declaratory Judgment Class members' rights and Selective's obligations under the policies to reimburse Plaintiff for the full amount of losses incurred by Plaintiff and the other Business Income Declaratory Judgment Class members in connection with suspension of their businesses in connection with the Closure Orders.

65.    Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Business Income Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

   a.    Plaintiff and the other Business Income Declaratory Judgment Class members' Business Income losses incurred in connection with the Closure Orders are insured losses under their policies; and

   b.    Selective is obligated to pay Plaintiff and the other Business Income Declaratory Judgment Class members for the full amount of the Business Income losses

incurred and to be incurred in connection with the Closure Orders during the period of restoration and the necessary interruption of their businesses.

<u>**COUNT IV**</u>
**DECLARATORY JUDGMENT**
**(Claim Brought on Behalf of the Civil Authority Declaratory Judgment Class)**

66.     Plaintiff realleges the above paragraphs as if fully set forth herein.

67.     Plaintiff brings this Count individually and on behalf of the other members of the Civil Authority Declaratory Judgment Class.

68.     Plaintiff's policies, as well as those of the other Civil Authority Declaratory Judgment Class members, are contracts under which Selective was paid premiums in exchange for its promise to pay Plaintiff and the other Civil Authority Declaratory Judgment Class members' losses for claims covered by the policy.

69.     Plaintiff and the other Civil Authority Declaratory Judgment Class members have complied with all applicable provisions of their policies and/or those provisions have been waived by Selective, or Selective is estopped from asserting them, and yet Selective has abrogated its insurance coverage obligations.

70.     Selective has denied claims related to Coverage Orders on a uniform and class-wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim for coverage.

71.     An actual case or controversy exists regarding Plaintiff's and the other Civil Authority Declaratory Judgment Class members' rights and Selective's obligations under the policies to reimburse Plaintiff for the full amount of losses incurred by Plaintiff and the other Civil Authority Declaratory Judgment Class members in connection with suspension of their businesses in connection with the Closure Orders.

16

72.     Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Civil Authority Declaratory Judgment Class members seek a declaratory judgement from this Court declaring the following:

    a.   Plaintiff and the other Civil Authority Declaratory Judgement Class members' Business Income losses incurred in connection with the Closure Orders are insured losses under their policies; and

    b.   Selective is obligated to pay Plaintiff and the other Civil Authority Declaratory Judgment Class members for the full amount of the Business Income losses incurred and to be incurred in connection with the Closure Orders during the period of restoration and the necessary interruption of their businesses.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the proposed classes, requests the following relief:

    a.   Certify the proposed Breach Classes and Declaratory Judgment classes, appoint Plaintiff as the class representative and lead plaintiff, and approve its selection of lead counsel;

    b.   Entering judgment on Counts I-II in favor of Plaintiff and the members of the Business Income Breach Class and the Civil Authority Breach Class, and awarding damages for breach of contract in an amount to be determined at trial;

    c.   Entering declaratory judgments on Counts III and IV in favor of Plaintiff and the members of the Business Income Declaratory Judgment Class and the Civil Authority Judgment Class as follows:

        i.   Plaintiff's and the other Declaratory Judgment Class members' Business Income, Extended Business Income, Extra Expense and Civil

Authority losses incurred in connection with the Closure Orders are insured losses under their policies; and

ii.  Selective is obligated to pay Plaintiff and the other Declaratory Judgment Class members for the full amount of the Business Income, Extended Business Income, Extra Expense and Civil Authority losses incurred and to be incurred in connection with the Closure Orders during the period of restoration and the necessary interruption of their businesses.

d.  Grant compensatory, exemplary and punitive damages as may be appropriate under law.

e.  Award Plaintiff and the classes reasonable attorneys' fees, expenses, costs and pre-judgment and post-judgment interest at the maximum rate as may be allowed by law.

f.  Grant such additional or different relief as the interests of justice or equity may require.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of itself and the proposed classes, hereby demands a trial by jury as to

all issues stated herein, and all issues so triable.

Dated:  June 10, 2020                           **EDELSON LECHTZIN LLP**

                                                By: _s/ Marc H. Edelson_
                                                    **EDELSON LECHTZIN LLP**
                                                    Marc H. Edelson, Esq.
                                                        PA Attorney ID # 51834
                                                    Eric Lechtzin, Esq.
                                                    Liberato P. Verderame, Esq.
                                                    3 Terry Drive, Suite 205
                                                    Newtown, PA 18940
                                                    Telephone: 215-867-2399
                                                    Facsimile: 267-685-0676
                                                    medelson@edelson-law.com
                                                    elechtzin@edelson-law.com
                                                    lverderame@edelson-law.com

                                                    **SHUB LAW FIRM LLC**
                                                    Jonathan Shub, Esq.
                                                    134 Kings Highway East, 2nd Floor
                                                    Haddonfield, NJ 08033
                                                    Telephone:
                                                    Facsimile:
                                                    jshub@shublawyers.com
                                                    klaukaitis@shublawyers.com

                                                    **GRABAR LAW OFFICE**

                                                By: _s/ Joshua H. Grabar_
                                                    Joshua H. Grabar, Esq.
                                                        PA Attorney ID# 82525
                                                    1650 Market Street, Suite 3600
                                                    Philadelphia, PA 19103
                                                    Telephone: 267-507-6085
                                                    Facsimile: 267-507-6048
                                                    Jgrabar@grabarlaw.com

                                                    _Attorneys for Plaintiff_